*transfer of property is based on adequate consideration.* On a bill in the nature of a creditor's bill, evidence *held* sufficient to show that one of the defendants paid to the wife of the judgment debtor an adequate consideration for land of the wife conveyed to such defendant, in satisfaction of a debt owed by the judgment debtor to such defendant and in consideration for a transfer by the judgment debtor of property to the wife, and that such transfer to such defendant was bona fide.

## Samuel Bradley, Appellee, v. Vandalia Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Clark county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed October 11, 1917.

### Statement of the Case.

Action under the Federal Employers' Liability Act by Samuel Bradley, a section foreman, plaintiff, against the Vandalia Railroad Company, defendant, to recover for personal injuries sustained due to a hand car owned by defendant jumping off the track. From a judgment for $1,500 for plaintiff, defendant appeals.

SCHOLFIELD & SCHOLFIELD, for appellant.

ARTHUR POORMAN and EVERETT CONNELLY, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Bradley v. Vandalia Railroad Co., 207 Ill. App. 592.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 302*—*what is common-law doctrine of assumed risk.* The common-law doctrine of assumed risk is that an employee assumes all hazard that arises from defects in appliances used by him in the course of his employment that are open, obvious and apparent, and are known to him, unless he continues to use such defective appliance under a promise of his employer to repair.

2. MASTER AND SERVANT, § 302a*—*when common-law doctrine of assumed risk is applicable under Federal Employers' Liability Act.* The rule of the common law as to assumption of risk by a servant controls the rights of employees under the Federal Employers' Liability Act, unless the injury complained of is caused or contributed to by the violation by the employer of some federal statute enacted for the safety of employees.

3. MASTER AND SERVANT, § 786*—*when instruction directing verdict is erroneous because ignoring assumption of risk.* An instruction that directs a verdict in an action under the Federal Employers' Liability Act is improper where it ignores the question of assumption of risk, since such an instruction must contain all the elements necessary to entitle the plaintiff to recover.

4. APPEAL AND ERROR, § 1646*—*when error in giving incorrect instruction directing verdict not cured.* An error in giving an incorrect instruction directing a verdict in a negligence action which fails to include an element necessary to entitle the plaintiff to recover cannot be cured by other correct instructions.

5. MASTER AND SERVANT, § 806*—*when instruction on assumed risk under Federal Employers' Liability Act is erroneous.* In an action under the Federal Employers' Liability Act, an instruction on assumed risk that the doctrine applies only to perils or risks ordinarily incident to the service, and excluding from the operation of the rule other risks or perils, even though the employee knew about them and continued to work without complaint or promise to correct the evils, *held* to be erroneous.

6. MASTER AND SERVANT, § 822*—*when instruction on damages under Federal Employers' Liability Act is erroneous.* In an action under the Federal Employers' Liability Act, an instruction on the assessment of damages which ignores the provision of the act that, while contributory negligence shall not bar a recovery, the damages should be diminished by the jury in proportion to the amount of negligence attributable to the employee, is erroneous.

7. MASTER AND SERVANT, § 682*—*when evidence shows that section hand was engaged in line of duty at time of accident.* In an action

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by a railroad section hand under the Federal Employers' Liability Act to recover for injuries received due to a hand car jumping off the track while he was using the car at noon to go after drinking water, according to custom, evidence *held* sufficient to show that plaintiff was engaged in the line of his employment at the time of his injury.

8. MASTER AND SERVANT, § 622*—*when admission of evidence as to what was done to hand car after injury to section hand is erroneous.* In an action by a section hand to recover for personal injuries sustained as the result of the hand car on which he was riding jumping off the track, *held* that the admission of evidence as to what was done with the car after the accident was improper.

9. APPEAL AND ERROR, § 450*—*when error in admission of evidence cannot be complained of.* Error in the admission of evidence cannot be complained of where no objection was made in the trial court.