John West, Appellee, v. The Cincinnati, Indianapolis & Western Railroad Company, Appellant.

Gen. No. 7,946.

1. MASTER AND SERVANT—*due care of employer in furnishing brake shoe to car repairer injured by flying sliver as jury question.* Evidence in an action under the Federal Employers' Liability Act for an injury to the eye of a car repairer, alleged to have been caused by a sliver of iron flying from a brake shoe when he tapped it with a hammer while fitting it to a brake beam, held to raise an issue for the jury as to the due care of the employer in furnishing the brake shoe to plaintiff as a safe appliance with which to do his work.

2. MASTER AND SERVANT—*question for jury as to causal relation between alleged latent defect in brake shoe and injury to eye of car repairer by flying sliver.* Evidence in an action under the Federal Employers' Liability Act for an injury to the eye of a car repairer, alleged to have been caused by a sliver of iron flying from a brake shoe when he tapped it with a hammer while fitting it to a brake beam, held to raise an issue for the jury as to whether the sliver flew from the brake shoe and injured plaintiff in consequence of a latent defect in the material or workmanship of the brake shoe.

3. MASTER AND SERVANT—*when instruction directing verdict in action under Federal Employers' Liability Act erroneous for omission of essential element of proof.* Instructions, in an action under the Federal Employers' Liability Act for injury to the eye of a car repairer alleged to have been caused by a sliver of iron flying from a brake shoe when he tapped it with a hammer in fitting it to a brake beam, which purport to recite the elements of proof

West v. The C., I. & W. R. Co., 240 Ill. App. 512.

requisite to a verdict for plaintiff, but omit to direct attention to the essential element as to whether the injury was caused by a latent defect in the brake shoe, held fatally defective and their giving reversible error.

Appeal by plaintiff from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed April 15, 1926.

GEO. B. & GEO. M. GILLESPIE, for appellant; F. J. GOEBEL, A. P. DONADIO and LOUIS F. GILLESPIE, of counsel.

JOHN G. FRIEDMEYER, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case the appellee, John West, brought suit in the circuit court of Sangamon county against The Cincinnati, Indianapolis & Western Railroad Company, appellant, to recover under the Federal Employers' Liability Act for damages suffered by him, by the loss of his right eye, while in the employ of the appellant.

The declaration alleges that the appellant negligently and carelessly provided and furnished the appellee with a certain brake-shoe with which to make repairs on its cars and brakes thereof, which was defective in workmanship and material, and was unfit for use for the purpose for which it was provided by the appellant in repairing the brakes. To this charge in the declaration, the appellant in defense filed the general issue and a special plea. The special plea avers that the appellee well knew at the time and place he was doing the work for the appellant, as alleged in the declaration, of the risk and danger necessarily incident in the performance thereof; that in performing said work the appellee assumed all the ordinary risks, hazards and dangers of the employment, and that the

injury resulted to the appellee because of hazards, risks, and dangers ordinarily incident to the performance of the character of work which was performed by the appellee. To the special plea the appellee filed a replication averring that the materials and tools placed in his possession by the appellant contained latent defects, which were not apparent, and could not have been seen by inspection; that at the time the material and tools were placed in appellee's possession to make the repairs alleged in the declaration, the appellee was not advised of such hidden defects, and that they could not be observed by the appellee in handling the same. The matters contained in the special plea and the replication formed the subjects of contention in the trial of the issues. There was a trial by jury, which resulted in a verdict and judgment in favor of the appellee, for $1,000. This appeal is prosecuted from the judgment.

The appellee, who was a witness in his own behalf, testified, in reference to his employment and concerning his injury, that the duties of his employment were to repair and inspect all cars, passenger, freight, flat cars and box cars that were found to be defective, and which included automatic brakes, as well as hand brakes on cars. And in reference to the repair work on the particular car in question, and the manner in which he did the work, his testimony is as follows: "I had to take the whole shoe off and put on a new one, by lifting the pin and using bar and hammer. I slipped the bar to lift the pin that holds the brake-shoe to the head and then I pried the beam back and removed the old shoe and slipped a new one in place and it didn't set up quite evenly, so I took my hammer and tapped it on the bottom to drive it in place. I was on my knee and Jake Money, was helping me. * * * A brake-shoe is made of cast iron, and is the part that fits over the wheels to apply the brake. Weighs about 50 pounds, or about 25 pounds. Curved

to fit the wheel, and got a lug on the back to slip a key through to hold it onto the head. The part of the brake that holds the brake-shoe onto the beam brake-head is made of steel. The brake-shoe is attached by one lug. When in position the brake-shoe should be firm and works against the wheels. When the brake-shoe is not in use it drops away from the wheel, and when the air is set it pulls it right up to the wheel. The hand brake just draws it up. The cast-iron is about two and a half or three inches thick, four inches wide, twelve inches long. Used an old pinch bar in removing the shoe. Pinch bar is made of steel, about one inch in diameter, and two or three feet long. I used a heavy hand hammer like a blacksmith's hammer. They call them truck-hammers. About two pounds in weight made of steel. There is nothing you could see that was wrong with the hammer. It looked all right.  *  *  *  When I repaired this car it was out on the switch track. The brake I removed was completely worn out and wearing the brake-head. After removing defective brake I went down the yards and got a brake-shoe. Took it up and put it on. I picked it up and looked at it to see that it was all right. It appeared in good condition. Then I put the shoe on. The man with me pried the brake beam back and I slipped the shoe in place. It wouldn't set down on to the lugs as it should and I struck from the bottom to bring it into position so that the lugs on the brake-shoe would fit the lugs on the brake head. I tapped it lightly with the ball of the hammer. A little piece flew off and hit me in the eye. I had tapped it two or three times but not hard. The splinter struck me in the right eye. Brake-shoes are of cast-iron and moulded. The cast-iron was too brittle in this shoe and caused a sliver.''

It is assigned as error that the court, on motion of the appellant, refused to direct a verdict finding the appellant not guilty. It may be said in reference to

this contention that whether the appellant used reasonable care in furnishing the brake-shoe to the appellee, as a safe appliance with which to do his work, and whether the sliver flew off of the brake-shoe and injured the appellee, as a consequence of a latent or hidden defect in the material or workmanship of the brake-shoe, were controverted questions of fact about which there was a conflict in the evidence, and the refusal of the court, therefore, to direct a verdict was not error.

Error is also assigned on the giving of instructions 1 and 3 for the appellee. The instructions are as follows:

"The court instructs the jury that if you believe from preponderance of the evidence that the defendant was engaged in operating a railroad as a common carrier of inter-state freight and passengers as alleged in the declaration or some count thereof, and that the plaintiff was in the employ of the defendant before and at the time of the injury alleged in the declaration as a car inspector and repairer, and that it was his duty under his employment with the defendant, to inspect and repair the railroad cars, appliances and equipment upon such cars with tools and material provided by the defendant for such purpose, and that the plaintiff was in the exercise of reasonable care for his safety; and while engaged in his employment with the defendant, the defendant negligently provided the plaintiff with a certain brake-shoe which was defective in material and workmanship, to make the repairs on a certain railroad car of the defendant loaded with interstate freight, and in course of interstate transportation, and that the defects in said material were not open and apparent, so that such defects could be ascertained or seen by the plaintiff, and in fitting the brake-shoe and putting the same in position, the plaintiff was injured in manner and form as alleged in the declaration, then you should find the defendant guilty.

"The court instructs the jury that if you believe from a preponderance of the evidence that the plaintiff while engaged as an employee of the defendant in repairing the brakes upon a certain railroad car in the possession of the defendant for interstate shipment, used certain material or brake-shoes supplied to him by the defendant to make such repairs, and that the plaintiff used said brake-shoes, so supplied by the defendant to repair said car, and in doing so used the tools supplied by the defendant, and undertook to place said brake-shoe in position according to the usual and effective manner in so doing, and was in the exercise of reasonable care and skill in making said repairs and putting said brake-shoe in position, and in so doing, the material of said brake-shoe splintered and broke, and injured and destroyed the sight of the right eye of the plaintiff in manner and form as alleged in the declaration; and if you further believe from the evidence that said brake-shoe was defective and that any defective condition of said brake-shoe could not have been seen or observed by the plaintiff before using the same, by the exercise of reasonable care on his part, and that the defendant was negligent in supplying the plaintiff with said brake-shoe, then the plaintiff is entitled to recover damages in this case, and in such case you should find your verdict for the plaintiff."

Both of the instructions referred to direct a verdict, and both of the instructions in reciting the elements of proof, necessary to be considered and passed upon by the jury and entitle the appellee to a verdict, fail to direct the jury's attention to one necessary element of proof which they should pass on, namely, whether the injury to appellee, which came from a sliver flying from the brake-shoe, when appellee was pounding the shoe with a hammer, was caused by the alleged latent or hidden defect in the material or workmanship of the brake-shoe. This omission could not be supplied

by merely using the language that "in fitting the brake-shoe and putting the same in position, the plaintiff was injured in manner and form as charged in the declaration." Whether or not it was a latent or hidden defect in the material or workmanship of the brake-shoe that caused the sliver to fly from the brake-shoe when the appellee was hammering it, was one of the vital issues in the case, and a controverted question; hence instructions which purport to recite the necessary elements of proof which the jury should consider and pass upon in finding a verdict in favor of the appellee, should have directed attention to that element of proof, and the failure to do so is reversible error. *Cromer v. Borders Coal Co.*, 246 Ill. 451; *Illinois Cent. R. Co. v. Smith*, 208 Ill. 608; *Bradley v. Vandalia R. Co.*, 207 Ill. App. 592.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*